**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**BARRY MANDRIALL POPE,**<br><br>**Defendant** | NO. 5: 05-CR-56 (WDO)<br><br>**VIOLATION(S): DRUG Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Clinton Alan Wheeler of the Macon Bar; the United States was represented by Assistant U. S. Attorney Charles Calhoun. Based upon the evidence proffered to the court by the parties, I conclude that the following facts require the detention of defendant BARRY MANDRIALL POPE pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated August 18, 2005, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of defendant POPE and the safety of the community were he to be released from custody at this time. Although defendant POPE is a lifelong resident of the Middle District of Georgia, the offense charged against him is a serious drug felony for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range is 140 months to 175 months imprisonment if he is convicted. The weight of evidence appears to be strong.

**Defendant POPE** has a serious criminal conviction record which includes: BURGLARY, Superior Court of Athens-Clarke County, Georgia, 1996; VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, Superior Court of Athens-Clarke County, Georgia, 1996; VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, Superior Court of Athens-Clarke County, Georgia, 1999; POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE AND COCAINE, Superior Court of Gwinnett County, Georgia, 2003. In addition, he has misdemeanor convictions for POSSESSION OF LESS THAN AN OUNCE OF MARIJUANA in the Superior Court of Athens-Clarke County in 1996 and in 1997.

Significantly, defendant POPE has had in excess of a dozen probation violation charges made against him since 1997, with six of these charges resulting in probation revocations. He was also charged with a parole violation in 2000. In addition, defendant POPE has been charged on three separate occasions with failing to appear in court as directed. Finally, the defendant has pending at this time a charge of POSSESSION OF METHAMPHETAMINE in the Superior Court of Athens-Clarke County based upon an incident occurring in July, 2005.

In the court's view, Mr. POPE poses a very real danger to the community were he to be released from custody. He has demonstrated a propensity to involve himself in serious illegal activity continuously since 1996. Pretrial detention is therefore mandated. IT IS SO ORDERED.

### PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 24th day of AUGUST, 2005.



                                                                **CLAUDE W. HICKS, JR.**
                                                                 **UNITED STATES MAGISTRATE JUDGE**